UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-CR-0043-CVE |
| ) | |
| QUINTEN PHILLIP SHRECK, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court for consideration is defendant's Motion in Limine with Respect to Possible Impeachment of the Defendant's Testimony with Conviction of a Crime and Memorandum of Law in Support (Dkt. # 261) and defendant's Motion for Direct Attorney Voir Dire (Dkt. # 262).

**I.**

Defendant seeks to prevent the government from using his state court conviction for Clandestine Use of a Video Camera to impeach defendant on cross-examination. Generally, evidence of other crimes can be used for impeachment under Fed. R. Evid. 609, which states:

> evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused . . .

Defendant argues that the prejudicial impact of his prior conviction outweighs its probative value, and evidence of the conviction should not be admitted for purposes of impeachment. The court's ruling on the admissibility of evidence under Rule 609 should be made outside the presence of the jury. United States v. Halbert, 668 F.2d 489, 493 (10th Cir. 1982); United States v. Wolf, 561 F.2d

1376, 1381 (10th Cir. 1977). Before allowing impeachment with evidence of a prior conviction, the court must find that the probative value of the evidence outweighs its prejudicial effect. United States v. Howell, 285 F.3d 1263 (10th Cir. 2002); United States v. Seamster, 568 F.2d 188, 190 (10th Cir. 1978). An automatic decision by the trial court to admit evidence of prior convictions under Rule 609, without balancing the interests of the parties under Rule 403, is an abuse of discretion. United States v. Owens, 723 F.2d 64, 65 (10th Cir. 1983). However, if defendant raises the prior conviction during his direct examination, the prosecution may question defendant about the details of the prior conviction. United States v. Robinson, 8 F.3d 398, 410 (7th Cir. 1993); United States v. Amahia, 825 F.2d 177, 180 (8th Cir. 1987).

In this case, the prior conviction relates to defendant's use of a video camera to secretly film his granddaughter. The Court has ruled that the videotape will be admitted on a limited basis, because this evidence is inextricably intertwined with the government's theory of the case. The prosecution may discuss how the videotape was discovered and use an excerpt to show that defendant knowingly possessed child pornography displaying a real child; however, the prosecution may not identify the child in the videotape as defendant's granddaughter or discuss how the tape was created. With these considerations in mind, the Court finds that admitting evidence of defendant's prior conviction would be unfairly prejudicial and potentially confuse the jury. Gust v. Jones, 162 F.3d 587, 596 (10th Cir. 1998) The conviction can not be admitted without suggesting to the jury the source of the videotape, which is precisely the evidence the Court has already ruled should be excluded under Rule 403. It is not necessary to introduce evidence of the prior conviction for the government to tell a coherent story about the charges that will be presented at trial.

At the pretrial hearing, the government stated that it had no objection to this motion. Therefore, the government will not be allowed to impeach defendant with evidence of his prior conviction under Oklahoma law for clandestine use of a video camera.

**II.**

The Court generally conducts direct voir dire of potential jurors, but counsel for each party is permitted to submit proposed voir dire questions. However, in the Court's discretion, counsel are allowed to conduct direct voir dire of prospective jurors in some cases. After reviewing the motion for attorney voir dire (Dkt. # 262), the Court finds that it should be granted in part and denied in part. The Court will pose general questions regarding each potential juror's training, experience, and habits using computers, the Internet, and Photoshop or other image manipulation software. Thereafter, the Court will allow one attorney for each party to conduct limited follow-up regarding each potential juror's experience using image and information access techniques. However, counsel will be prohibited from asking questions which would elicit a response or commitment relating to an element of the case or the potential juror's beliefs about the authenticity of images on the Internet. Further, counsel may <u>not</u> ask potential jurors during voir dire to opine as to their beliefs regarding the accuracy or reliability of manipulated images they have seen.

Counsel should be cognizant of the trial rules followed by this Court when supplemental voir dire has been authorized:

> 1. Voir dire examination may not be conducted in a manner designed to inform the jury of the anticipated evidence or the applicable law, nor to provide the type of information which is normally included in an opening statement.
>
> 2. The only purpose of voir dire examination is to gain knowledge about a prospective juror which will aid in making an informed challenge.
>
> 3. A statement disguised as a question will not be permitted.

4. Counsel may not ask a question based on a hypothetical statement of the facts or the law.

5. Voir dire may not be used to explain the burden of proof.

6. Do not attempt to elicit promises or assurances of any kind from jurors nor ask them to give any indication of what their verdict would be based on certain conditions.

7. Each side is limited to 10 minutes.

These general rules will apply to supplemental voir dire.

**IT IS THEREFORE ORDERED** that defendant's Motion in Limine with Respect to Possible Impeachment of the Defendant's Testimony with Conviction of a Crime and Memorandum of Law in Support (Dkt. # 261) is **granted**; defendant's Motion for Direct Voir Dire (Dkt. # 262) is **granted in part** and **denied in part**: it is granted to allow limited supplemental voir dire concerning potential jurors' experience gathering information and images using computers; it is denied to the extent that defendant wishes to question potential jurors about their conclusions or beliefs of the accuracy, reality or manipulability of information or images viewed on the Internet.

**DATED** this 30th day of August, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT