UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-CR-0043-CVE |
| ) | |
| QUINTEN PHILLIP SHRECK, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is defendant's Motion to Dismiss Counts in Indictment Reliant upon 18 U.S.C. 2252 for Violation of Equal Protection (Dkt. # 315). Defendant argues that 18 U.S.C. § 2252 is unconstitutional under the Equal Protection Clause because it is impermissibly overinclusive. The government responds that the statute clearly survives rational basis review and defendant lacks standing to pursue an equal protection claim asserting the rights of third parties.

Defendant cites an Oklahoma criminal statute making it a crime to engage in sexual conduct with any person under 16 but, by implication, allows any person that is at least 16 years of age to engage in sexual conduct without state interference. He also notes that, in Oklahoma, any person 16 years or older may marry without parental consent. Relying on Lawrence v. Texas, 539 U.S. 558 (2003), he reasons that certain types of intimate conduct are constitutionally protected, such as sexual behavior involving any person over the legal age of consent under Oklahoma law. Defendant argues that section 2252 criminalizes a significant amount of sexual conduct that is protected by the federal constitution and, therefore, the statute is overinclusive under the Equal Protection Clause.

The government is correct that defendant lacks standing to pursue his equal protection claim, because he is not a minor who has been prevented from engaging in the allegedly protected conduct he describes.  Third party standing is appropriate only when the "party asserting the right has a 'close' relationship with the person who possesses the right" and there is a "'hindrance' to the possessor's ability to protect his own interests."  Kowalski v. Tesmer, 543 U.S. 125, 130 (2004). In this case, defendant has asserted no relationship with any third party that would be aggrieved under his equal protection theory, nor has he identified any hindrance to a third party's ability to assert his own rights.  The Supreme Court has recognized that a criminal defendant sometimes has an interest in asserting the rights of third parties, but he must show a direct personal injury as a result of the harm to third parties.  See Powers v. Ohio, 499 U.S. 400 (1991) (criminal defendant had standing under the Equal Protection Clause to object to exclusion of a juror on basis of race because he suffered an injury from the juror's exclusion and juror was unlikely to challenge exclusion). Defendant will suffer no personal injury if the statute is interpreted to include 16 and 17 year-old persons as minors, and he may not bring an equal protection claim based on the rights of uninterested third parties.

Even if the Court were to assume defendant has standing to bring this equal protection challenge to section 2252, his claim would be denied on its merits.  The Fifth Amendment does not contain equal protection language, but the Supreme Court has applied the Equal Protection Clause of the Fourteenth Amendment to the federal government through the Due Process Clause of the Fifth Amendment.  Metro Broadcasting, Inc. v. FCC, 497 U.S. 547 (1990); Bolling v. Sharpe, 347 U.S. 497 (1954).  Defendant does not state what standard of review should apply to his claim.  The classification defendant seeks to draw is based on age, which is not a suspect class.  Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307, 313-14 (1976).  Lawrence created a due process right

protecting the consensual sexual activity of two people of the same sex, but did not discuss an equivalent right under the Equal Protection Clause. See 539 U.S. at 574-75 (specifically rejecting the Equal Protection Clause as a basis for the Court's holding). Therefore, defendant is not entitled to strict scrutiny based on governmental interference with a fundamental right. Equal protection claims alleging improper classifications based on age are reviewed under the rational basis standard. Vance v. Bradley, 440 U.S. 93, 97 (1979); Cisneros v. Wilson, 226 F.3d 1113, 1122 (10th Cir. 2000). Under this standard, the legislative classification will be upheld if it rationally related to a legitimate government interest. Powers v. Harris, 379 F.3d 1208, 1215 (10th Cir. 2004). "[A] classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity." Heller v. Doe, 509 U.S. 312 (1993).

Defendant relies on Lawrence and Eisenstadt v. Baird, 405 U.S. 438 (1972), for the proposition that the government may not intervene in certain intimate choices between consenting adults. Defendant argues that any person 16 or 17 years of age is entitled to engage in sexual conduct without criminal penalties. The government cites United States v. Bach, 400 F.3d 622 (8th Cir. 2005), where the Eighth Circuit held that Congress had a rational basis for defining any person under the age of 18 as a minor in 18 U.S.C. § 2256. In Bach, the defendant argued that some of the visual images used to convict him depicted a 16 year old and, under Minnesota law, a 16 year old could engage in consensual sexual activity without criminal penalty. The Bach court distinguished Lawrence, because it did not "involve minors or others 'who might be injured or coerced.'" Id. at 628-29. The court concluded that "the congressional choice to regulate child pornography by defining minor as an individual under eighteen is rationally related to the government's legitimate interest in enforcing child pornography laws." Id. at 629.

The holding in Bach is persuasive. In Lawrence, the Supreme Court expressly refused to create a liberty interest for minors to engage in sexual conduct, nor did it prevent the government from protecting those who might by injured or coerced when "consent might not easily be refused." 539 U.S. at 578. Defendant does not have a right to possess child pornography depicting real children that are classified as minors under the statute. See Ashcroft v. Free Speech Coalition, 535 U.S. 234, 250 (2002); New York v. Ferber, 458 U.S. 747, 764 (1982). Therefore, the government has a legitimate interest to regulate the possession of child pornography depicting any person under a "specific age," as long as the legislative means is rationally related to preventing the distribution of child pornography. Ferber, 458 U.S. at 764; United States v. Freeman, 808 F.2d 1290, 1292 (8th Cir. 1987). The government clearly has a legitimate interest in protecting minors up to the age of 18 from being exploited by potential sexual predators, and section 2252 rationally advances this governmental purpose. In addition, the Court does not see how a statute designed to prevent minors from being displayed in child pornography infringes on that person's right to marry or engage in intimate personal relationships under state law. Section 2252 does not penalize minors for engaging in sexual conduct; it punishes any person that would exploit a minor by creating or viewing child pornography. Under rational basis review, section 2252 is rationally related to a legitimate government interest and is not overinclusive.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss Counts in Indictment Reliant upon 18 U.S.C. 2252 for Violation of Equal Protection (Dkt. # 315) is **denied**.

**DATED** this 13th day of October, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT